SWAN F. HJELM v. WESTERN GRANITE CONTRACTING COMPANY.[1]

January 27, 1905.

Nos. 14,199—(146).

**Master and Servant.**

 The rule that a master cannot delegate to a servant the performance of his absolute duties, so as to relieve himself from the charge of negligence, applied to the facts of this case, and the evidence *held* sufficient to take the case to the jury.

Action in the district court for Stearns county to recover $10,113 for personal injuries. The case was tried before Searle, J., who directed a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*H. S. Locke,* for appellant.

*Reynolds & Roeser* and *Stewart & Brower,* for respondent.

[1] Reported in 102 N. W. 384.

BROWN, J.

Action to recover for personal injuries alleged to have been caused by the negligence of defendant. A verdict was directed for defendant in the court below, and plaintiff appealed from an order denying his motion for a new trial.

The facts are as follows: Defendant is a corporation engaged in operating a stone quarry, in connection with which, in the conduct of its business, it becomes necessary from time to time to blast the rock in the quarry, that it may be removed and worked into marketable condition. Plaintiff was employed by defendant in its quarry, and on the day in question a blast threw a large rock upon and injured his leg. As a basis to his right of recovery, plaintiff alleged in his complaint, in substance and effect, that it was the duty of defendant, before exploding any blast, to pack and cover the holes in the rock wherein the powder and dynamite were placed, so that no pieces or fragments would be shot or scattered over the quarry by the explosion; that, disregarding its duty in this respect, defendant wholly neglected to pack and cover the holes wherein the dynamite and powder were placed for the blast which resulted in plaintiff's injury, but that it "negligently, carelessly, and prematurely, and without giving plaintiff an opportunity to get a safe distance away from said blast," unskilfully exploded the same without covering or otherwise protecting the same; and that, by reason of such carelessness and negligence, plaintiff received his injury. The answer of defendant was, in substance, a general denial.

The complaint is not the best form, but respondent's counsel, in their brief, concede that it alleges two acts of negligence on the part of defendant, which it is claimed were the proximate cause of plaintiff's injury: (1) The failure of defendant properly to pack and cover the blast before explosion; and (2) exploding the same prematurely and without previous warning to plaintiff.

1. With respect to the first ground of negligence, it is clear that plaintiff has no cause of action. It appears from the evidence that he and one Freberg were in charge of the matter of exploding this particular blast. They placed the dynamite and powder in the drilled holes, and attended to all arrangements and details leading up to the explosion. Whether there was a custom or rule requiring the blast to be covered before explosion or not, the matter was within the control

of plaintiff and his fellow laborer; and, if they exploded it without covering, they assumed whatever risks were incident thereto. It is true that the testimony tends to show that defendant's foreman stated to plaintiff and his associate that it was unnecessary to cover this particular blast, but this would not render defendant liable, for the reason already stated—that the matter was in the immediate control of plaintiff, and, if he exploded the blast without covering it, he is in no position to complain.

2. The second ground of negligence on which plaintiff claims a right of recovery presents a more serious question. As already stated, the explosion of this particular blast was under the control of plaintiff and one Freberg. All arrangements had been made by the attachment of an electric battery to explode the same, when a team was heard approaching the quarry, some distance away, whereupon Freberg, who, the evidence shows, had exclusive charge of the battery and explosion of the blast, directed plaintiff to go and warn the team away. This plaintiff did, and he testified that, when he was so directed by Freberg, he stated that when he had done so he would return to the place where the blast was to be exploded. While he was returning, and without notice or warning, the blast was exploded by Freberg, and resulted in a large rock striking plaintiff's leg and seriously injuring him.

It appears from the evidence that, according to a custom prevailing at the quarry, no blast was ever exploded without previously giving two distinct signals to enable the employees in the vicinity to seek a place of safety. Defendant's foreman, who was also president of defendant corporation, testified to the existence of the custom, and the evidence shows beyond controversy that it was not observed in this instance. Plaintiff insists that it was one of the absolute duties of the master to see that proper warning was given, and that, for the failure to give it in this case, defendant is liable; that defendant had clothed Freberg with full and exclusive authority to explode blasts at the quarry, and that in the matter of exploding the one resulting in plaintiff's injury he was a vice principal, and his failure to give the usual warning was the neglect of defendant. We think this contention is sound.

The question whether an employee stands in the relation of vice principal respecting his co-employees is not to be determined from the rank of his general service, nor by the question whether he has power

to employ or discharge men, but rather from the nature of the employment in which he is engaged. If the nature of the employment involves the performance of some absolute duty the master owes his servants, the servant to whom is delegated the performance of that duty, whatever may be his rank, station, or title, is a vice principal, and his negligence is the negligence of the master. As remarked in Perras v. A. Booth & Co., 82 Minn. 191, 84 N. W. 739, 85 N. W. 179, if the employee or servant is clothed with special power and authority in the conduct of the master's business, in and about which is involved the absolute duty of the master to other servants with respect to the obligation to provide them with safe instrumentalities and a safe place in which to work, he is, with respect to such other employees, a vice principal, when engaged in the performance of the duties so involving the absolute obligations of the master. And as remarked by Judge Mitchell in Lindvall v. Woods, 41 Minn. 212, 42 N. W. 1020, the same employee may occupy the dual capacity of vice principal as to some matters, and of fellow servant as to others.

In the case at bar it is clear that, in the general or common employment of defendant, plaintiff and Freberg were fellow servants, and, unless the master owed plaintiff the duty to give proper signal before exploding the blast resulting in his injury, no recovery can be had. But it is clear to us that the duty existed, and that it was one of the absolute duties defendant owed plaintiff. The business in which defendant is engaged is, at best, exceedingly dangerous and hazardous. Explosions of the kind disclosed by the evidence naturally throw large quantities of broken rock in all directions, and it is reasonable to require the master to give proper warning to employees, that they may seek a place of safety. It is a business that required of defendant supervision and control, and, if no rule requiring such warning was ever adopted by defendant, the custom followed at the quarry answered the purpose of a rule, and the failure by Freberg to observe it was the failure of defendant.

The rule laid down in Carlson v. Northwestern Tel. Exch. Co., 63 Minn. 428, 65 N. W. 914, is applicable to the facts of this case. It was there said, in substance, that, while the employee assumes the ordinary and obvious dangers of the work or business in which he is engaged, the master is bound to use ordinary care to warn and protect

him from unusual dangers and risks. If the nature and magnitude of the master's work, whether it be that of construction or otherwise, are such that the exercise of ordinary care for the safety and protection of the workmen from unnecessary dangers requires that they be given reasonable orders to protect them from dangers which are not obvious, the master must see to it that the orders are given. Considerations of justice and sound public policy impose this duty upon the master, as such, which he cannot delegate so as to relieve himself from the consequence of his neglect. See also Borgerson v. Cook Stone Co., 91 Minn. 91, 97 N. W. 734.

Freberg, in the case at bar, was engaged in exploding the blast. In and about the performance of that duty was involved the obligation of defendant to give timely warning to other employees in the vicinity. This was an absolute duty of the master, and it cannot shield itself by showing that the performance was delegated to one of the fellow servants of plaintiff. Freberg in this particular case stood in the place of defendant, and the latter was responsible for his failure to give the proper warning.

The contention is made that defendant was relieved from the consequence of a failure to give the usual warning in this particular instance by the conduct of plaintiff. It is urged in this connection that when plaintiff went to warn away the team approaching the quarry, and after having done so, he called to Freberg that the team was out of the way, and almost immediately thereafter the blast was exploded. While plaintiff testified that he did call to Freberg that the team was out of the way, he distinctly said that it was the understanding between himself and Freberg that, when he had succeeded in getting the team out of the way, he would return to Freberg, where the blast was to be exploded, and that at the time it was exploded he was running through the brush, on his return. If it appeared from the evidence that Freberg heard the call from plaintiff that the team was out of the way, and acted on it in exploding the blast, as an indication from plaintiff that he also was in a place of safey, plaintiff cannot recover. His own act would in such case bar his right of action. But there is no evidence that Freberg heard plaintiff's call, or that he acted on it in exploding the blast. He was not called as a witness at the trial, and, in view of the testimony of plaintiff to the effect that it was understood between

them that he was to return after warning the team away, it was a fair question for the jury to determine whether Freberg heard the call, and acted on it, in exploding the blast, as an indication from plaintiff that he was in a place of safety. Our conclusion is that, upon this feature of the case, the evidence made a case for the consideration of the jury.

Order reversed and new trial granted.