SWAN F. HJELM v. WESTERN GRANITE CONTRACTING COMPANY.[1]

December 20, 1907.

Nos. 15,473—(134).

Action in the district court for Stearns county to recover $10,113 for personal injuries. After the order denying a new trial was reversed upon the second appeal (see 98 Minn. 222) the case was tried before Taylor, J., and a jury which rendered a verdict in favor of plaintiff for $9,000. From an order denying its motion for judgment notwithstanding the verdict, and granting a new trial, unless plaintiff would consent to a reduction of the verdict to $6,500, (which consent was given), defendant appealed. *Affirmed.*

*Stewart & Brower* and *Reynolds & Roeser*, for appellants.

*Ludwig Arctander* and *H. S. Locke*, for respondent.

PER CURIAM.

This case was before us on two former appeals: 94 Minn. 169 and 98 Minn. 222. The law of the case was there fully covered and the rights of the parties determined. The last trial resulted in a verdict for plaintiff, and defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

A careful examination of the record discloses no reversible error. The evidence fully supports the verdict, and though some minor errors may have occurred in the rulings of the court below during the trial, we discover none of a substantial or prejudicial nature. The only ruling approaching substantial error was in overruling defendant's objection to a hypothetical question put to one of plaintiff's witnesses. Conceding that the question included a fact not in evidence, and therefore objectionable, no prejudice resulted from the answer. It stands admitted that plaintiff was injured by a flying rock from a blast prematurely exploded, and the fact that the hypothetical question included a statement relative to the strength of the dynamite used, hence capable of throwing the rock to the point where plaintiff was standing at the time of the explosion, was harmless. Whatever may have been the strength of the dynamite, the flying rock reached plaintiff and he was injured.

We have considered fully all the assignments of error and find no ground upon which to predicate a reversal of the order appealed from and it is affirmed.

[1] Reported in 114 N. W. 1131.