# FRED FIECK v. CHICAGO GREAT WESTERN RAILROAD COMPANY.[1]

### November 10, 1911.

### Nos. 17,307—(51).

**Injury to servant unloading train — questions for jury.**

> The plaintiff was injured by the alleged negligence of defendant's freight conductor, while he was engaged in unloading, under the direction of the conductor, a motor car from a railway car which was a part of a live train in charge of the conductor.  *Held* that, if the taking charge of the unloading by the conductor was reasonably necessary, of which he was prima facie the judge, for the orderly and timely running of his train, he had the right so to do, as the representative of the defendant, and, further, whether the defendant was guilty of negligence, or the plaintiff assumed the risks, or was guilty of contributory negligence, were all questions of fact under the evidence.

Action in the district court for Olmsted county to recover $10,-000 for personal injuries.  The negligence alleged in the complaint was that while plaintiff was lifting and removing a motor car from

[1]Reported in 133 N. W. 66.

a freight car, the conductor and his fellow servants released their hold on the motor car, and let it drop and fall on plaintiff with great force. The answer admitted that plaintiff was unloading a gasolene motor hand car when the accident occurred, but alleged that his injuries were received through his own negligence. The reply was a general denial. The case was tried before Snow, J., and a jury which returned a verdict in favor of plaintiff for $3,150. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Briggs, Thygeson & Everall, Burt W. Eaton,* and *H. Loomis,* for appellant.

*Eckholdt & Eckholdt,* for respondent.

START, C. J.

This is a personal injury action, in which the plaintiff had a verdict for $3,150 in the district court of the county of Olmsted, and the defendant made a motion for judgment in its favor notwithstanding the verdict. The trial court made its order denying defendant's motion, and judgment was entered upon the verdict. The defendant appealed from the judgment. No motion for a new trial was made.

Ten of the seventeen assignments of error relate to alleged errors of the trial court in its instructions to the jury and in refusing to give requested instructions. None of them is relevant on this appeal; for, if the court erred in the respects complained of, the remedy was a motion for a new trial. The other assignments of error raise the question whether the trial court erred in denying the defendant's motion for a directed verdict in its favor and in denying the motion for judgment. The contention of the defendant as to this question is that the evidence conclusively shows as a matter of law that the defendant was not negligent in the premises, but that the plaintiff was guilty of contributory negligence and assumed the risks.

The evidence, taking the most favorable view of it for the plain-

tiff, was sufficient, if satisfactory to the jury, as it seems to have been, to establish, with others, the evidentiary facts following:

The plaintiff was a man of mature years and a railroad section-man of twenty years' experience. He was in the employ of the defendant at Douglass, this state, as a section boss at the time he was injured, and had been for some years prior thereto. On August 4, 1910, he was ordered by his roadmaster to meet a freight train at Douglass and unload a motor car, which weighed one thousand pounds and was more than six feet in height. The plaintiff met the train, which was forty minutes late, with three assistants prepared with skids to unload the motor car, which was in one of the freight cars of the train. The conductor in charge of the train was in a hurry to unload the motor car in order to get to Rochester, eight miles away, where an oncoming passenger train would pass his train. As soon as he saw the plaintiff with the skids, he ordered him to throw them away, and told him that he did not want him to be all day unloading the car, and ordered him and his assistants into the car. The plaintiff and his men obeyed the order and went into the car. The conductor took exclusive control of unloading the motor car, which was then standing upright on the floor of the car, which was some four feet above the ground. It was then pushed to the door of the car and just far enough out of the door so that it did not tip. The conductor then ordered the plaintiff and some of the men to go outside, and they went out, leaving four men in the car holding the motor car. The plaintiff followed the instructions of the conductor, and assumed no control whatever. When the plaintiff and the three men got outside and to the door of the car, the motor was standing practically at a balance in the car door, with the top of the motor outward. They took hold of the motor car, and while they were thus standing on the ground, holding it, the men on the inside, including the conductor, gave the car a shove from the inside and pushed it out, and as they did so it overbalanced, the conductor and the men on the inside of the car, without any warning, let go, and the motor car fell, with its top outwards, upon the plaintiff and the men standing upon the ground with such force that they were unable to hold it. As it fell it struck the plaintiff, and the conductor,

116 M.—4.

as it was falling, called "Look out!" But it was too late, and the plaintiff was hit by the motor car, and thereby seriously injured. The conductor was master of his train and train crew, and had unloaded six other motor cars the same day in substantially the same manner without mishap.

The first contention of the defendant is that there was no evidence tending to show any actionable negligence on its part. The evidence tended to show that the work, in which the plaintiff was engaged when injured, involved, by reason of the necessity for haste, a railroad hazard; and, if the conductor was authorized to, and rightfully did, take control of the unloading of the motor, and was guilty of actionable negligence in the premises, such negligence would be imputable to the defendant. In this connection the trial court, at the request of the defendant, instructed the jury as follows: "The fact, even if it be a fact, that the conductor was in a hurry to reach Rochester ahead of the passenger train would not be evidence of negligence; that is to say, it would not in itself be evidence of negligence. That fact may have a bearing in determining whether the defendant would be liable for the negligence of the conductor if he was negligent. * * *"

The here important question, then, is whether there was any evidence tending to show that the conductor did so take charge of the unloading, and whether he was negligent. The only alleged negligence submitted to the jury related to the method adopted by the conductor in unloading the motor car and the manner in which it was attempted to pursue that method. We are of the opinion that there was evidence to take the case to the jury on that question. A more serious question is whether there was evidence tending to show that the conductor had authority to take control of the unloading of the motor from his train, of which he was master, in view of the orders given to the plaintiff by the roadmaster. The order to the plaintiff to go to Douglass and unload the car cannot reasonably be construed as authorizing and requiring him to enter upon a railway car, which was a part of a live train, waiting only for the unloading of the motor, and hold up the train until he could carry out his instructions in his own way and in his own time, contrary to the or-

ders of the conductor. On the other hand, if the taking charge of the unloading of the motor by the conductor was reasonably necessary, of which he was prima facie the judge, for the orderly and timely running of his train, he had the right to so do, and in so doing he would be the representative of the defendant.

It is the further contention of the defendant that the plaintiff assumed the risks, and was also guilty of contributory negligence as a matter of law. A consideration of the evidence leads us to the conclusion that each of these questions was one of fact, to be determined by the jury, and not by the judge.

Judgment affirmed.