# WALEK BURMISTER v. P. C. GIGUERE & SON.[1]

June 11, 1915.

Nos. 19,235—(154).

**Negligence of master — complaint — verdict sustained by evidence.**

Defendants ordered certain of their servants, including plaintiff, to assist in starting a wagon filled with crushed stone which, while being on defendants' order hauled on top of a high pile of crushed stone to be dumped there, became stuck so that the horses were unable to move it. As the men with the assistance of the horses started the load, the wheels on one side of the wagon dropped into a hole in the pile, and the wagon tipped over, injuring plaintiff. It is *held:*

(1) The complaint sufficiently pleaded negligence of defendants in ordering plaintiff without warning into a dangerous place.

(2) The evidence justified submitting this charge of negligence to the jury, and justified a finding that defendants were negligent in this respect.

(3) There was no evidence to justify submitting to the jury the ques-

[1] Reported in 153 N. W. 134.

tion whether a defect in the wagon caused the accident, and it was error to submit this charge of negligence. The error was prejudicial.

Action in the district court for Hennepin county to recover $15,000 for personal injury received while in the employ of defendant Minnesota Crushed Stone Company. The case was tried before Fish, J., who denied the motion of defendants Giguere for a dismissal of the action and a jury which returned a verdict for $5,000 against the defendants other than Charles Brown. The motion of defendants Giguere for judgment notwithstanding the verdict or for a new trial was denied. The motion of defendant Minnesota Crushed Stone Co. for judgment notwithstanding the verdict was denied, and its motion for a new trial as to it was granted. From the order denying the motion of defendants Giguere for judgment notwithstanding the verdict or for a new trial, they appealed. Reversed and new trial granted.

*Barrows, Stewart & Ordway,* for appellants.

*Paul J. Thompson* and *M. A. Hessian,* for respondent.

BUNN, J.

This is a personal injury action. The jury rendered a verdict in favor of defendant Brown, but against the other defendants. A new trial was granted as to defendant Minnesota Crushed Stone Company. The motion of defendants P. C. Giguere & Son for judgment notwithstanding the verdict or for a new trial was denied, and these defendants appealed from the order to this court. They urge that the trial court should have ordered judgment notwithstanding the verdict or at least should have granted a new trial on account of insufficient evidence, or for errors in the charge.

The facts are very little in dispute, and are as follows: Defendants P. C. Giguere & Son were erecting a building in Minneapolis, and defendant crushed stone company was delivering crushed stone to be used by Giguere & Son in the work of construction. Defendant Brown was a driver for the stone company. Plaintiff was employed by Giguere & Son as a laborer. Prior to the accident Brown and other drivers of the stone company had delivered a great number

of loads of crushed stone; it was dumped in an oblong pile near the concrete mixer. This pile, on the day of the accident, was about 20 feet long, seven or eight feet wide at the bottom, and four or five feet high. The employees of Giguere & Son were continually taking away stone from the left side of the pile. Brown owned the horses and wagon that he used. Just before the accident Brown arrived with a load of crushed stone which weighed about $4\frac{1}{2}$ tons. He was told by one of the Gigueres to dump his load on the top of the pile, and succeeded in getting nearly there, driving lengthwise of the sloping pile, when his wagon stuck; the wheels had sunk a little into the loose stone, the wagon stood square on the pile, with its front end somewhat higher than the back. Brown could not advance without help, and at his request Giguere ordered plaintiff and some of the other employees to assist him; they took hold of the wheels and Brown spoke to his horses; as the load started the near pole horse missed his footing, the rock slipping from under his feet, and Brown applied his whip to get him up even with the others; the horse did not stop and the wagon moved about its own length; the left wheels went into a hole where rock had been taken from the pile, and the wagon tipped over; this caused to break one of the stakes which held the wagon box in place, the box with its load of crushed stone slid from the wagon and upon plaintiff; except his head and neck he was completely covered up by the wagon box and the crushed rock, and his injuries were admittedly serious.

The charge of the trial court permitted the jury to find defendants Giguere & Son negligent in one or both of two respects: (1) In directing plaintiff to take hold of the wagon for the purpose of assisting the horses in an effort to haul the load forward; (2) in failing to warn plaintiff that the wagon was defective by reason of weakness. The first mentioned charge of negligence related to the alleged danger of attempting to drive this heavily loaded wagon upon this high pile of crushed stone, the knowledge of this danger by Giguere & Son, and the consequent negligence in directing a servant to assist. The second charge of negligence wholly related to the alleged weakness of the wagon, and knowledge of this on the part of the Gigueres.

As to the first charge, the defendants claim: (1) That negligence in this respect was not pleaded; (2) that the evidence did not justify submitting it to the jury.

1. The claim as to the pleadings cannot be sustained. The complaint alleges that the defendants Giguere & Son negligently ordered plaintiff to take hold of the wagon to assist Brown in starting it. While it does not specifically say that the work was dangerous to the knowledge of defendants, because of the liability of the wagon to tip over, we think that the pleading sufficiently advised defendants that plaintiff would rely upon this theory of negligence.

2. Nor are we able to hold that the place where plaintiff was ordered to work was not dangerous, or that defendants Giguere had no reason to anticipate an accident such as happened. The pile was five feet high; there were holes and depressions in it on the left side where the rock had been hauled away; the heavily-loaded wagon was so imbedded in the crushed stone that four horses could not move it, and it might reasonably be expected that something might happen when the men and horses succeeded in starting the load. Brown, in answer to a question as to how much stone had been taken away from the place where the left wagon wheels went down, stated that he did not know, but that "it don't take very much sometimes for to throw a load over." He testified further that sometimes a depression of two inches in a pile of rock would tip over a wagon, while this depression was perhaps a foot. To quote his language:

"You take a wagon coming along a pile of rock, and you will think you are right up there in the middle of it, and all at once that rock will slide right out from your wheels and let you over. Rock is something that isn't solid, and it will go when you ain't looking for it. You will think you are on the pile fair, and all at once when you go a foot further, it will go away from your wagon, and over you will go."

It is clear enough from this testimony that the accident that happened was one which might reasonably have been anticipated. The Gigueres were experienced in the use of concrete, and it is fair to assume that they knew the danger. They knew or ought to have known the condition of the stone pile; they ordered Brown to dump

his load on the top of it, and ordered plaintiff and the other men to help start the wagon without warning them of the danger. It cannot be said that the danger was so open and obvious to plaintiff that there was no duty to instruct or warn him. We think the question whether defendants Giguere were negligent in so doing was for the jury; and further that the evidence fairly sustains a finding of negligence in this respect. The motion for judgment was therefore properly denied.

3. But as we view the evidence on the second charge of negligence, the alleged defective condition of the wagon, and defendants' knowledge thereof, it was error to submit this question to the jury.

It conclusively appears, we think, that it was not the breaking of the stake that caused the wagon box with its load to slide off, but the force of gravity. No stake could have resisted the impact of this heavy force. In other words the breaking of the stake was a result and not a cause of the accident. This is very clear, in spite of the contention to the contrary based upon some confusion in the testimony of Brown which was entirely cleared up later. We find no evidence whatever of any defect in the wagon, much less of any knowledge thereof on the part of Giguere & Son. The court, however, authorized the jury to find these defendants negligent in this respect, and we are unable to say that the verdict was not based upon such a finding, rather than upon a finding on the other issue. We therefore cannot hold that the error in submitting this issue was without prejudice. As there must be a new trial it is useless to discuss or decide other points.

Order reversed and new trial granted.