GUS KAPSOTES v. GREAT NORTHERN RAILWAY COMPANY.[1]

May 5, 1916.

Nos. 19,553—(47).

**Judgment notwithstanding verdict — sufficient evidence to sustain verdict.**
Record examined and evidence *held* sufficient to sustain the verdict.

Action in the district court for St. Louis county to recover $20,000 for personal injuries received while in the employ of defendant.   The case was tried before Ensign, J., and a jury which returned a verdict for $400.   Defendant's motion for judgment notwithstanding the verdict was denied.   From the judgment entered pursuant to the verdict, defendant appealed.   Affirmed.

*M. L. Countryman and Baldwin, Baldwin & Holmes,* for appellant.
*Victor L. Power,* for respondent.

TAYLOR, C.

Plaintiff was one of a crew engaged in taking up and removing rails from the track in defendant's yard at Kelly Lake.   The rails weighed

[1]Reported in 157 N. W. 713.

seven or eight hundred pounds each, and were connected together by clip plates upon each side, bolted to the ends of the adjoining rails. The crew were being hurried by the roadmaster and foreman, and when they reached the last rail to be removed, one end of which was connected to the adjoining rail by the clip plates, they removed the bolts which fastened the clip plates to this rail and, by direction of the roadmaster, attempted to pull it out without taking time to loosen the bolts which fastened the clip plates to the adjoining rail. They pulled upon it twice without effect. The roadmaster then directed the men at the free end of the rail to raise that end from the ground and directed the others to give it a jerk. Plaintiff who was at the extreme free end of the rail, and those near him raised that end as directed, and the others gave a jerk with such force that the rail was pulled from between the clips and thrown upon plaintiff's ankle causing the injuries complained of. Plaintiff sued for damages and recovered a verdict for $400. Defendant moved for judgment notwithstanding the verdict, but did not ask for a new trial. This motion was denied and judgment entered, and defendant appealed therefrom.

The only question presented is whether defendant is entitled to judgment notwithstanding the verdict. Defendant contends that there is no evidence of negligence on its part, and that even if it were negligent, plaintiff assumed the risks.

Taking the view of the evidence most favorable to plaintiff, as we are required to do in determining such questions as this, we are unable to say that there is no evidence from which the jury could legitimately infer negligence on the part of defendant. The crew were in charge of a foreman, and the assistant roadmaster was also present. According to plaintiff's witnesses, the roadmaster took charge of the operation, and to hasten the work directed the removal of this rail in a manner different from that ordinarily followed. Considering the weight of the rail and the difficulty in controlling it when suddenly released by a jerk from the grip of the clips, and the fact that the clips could have been released with but slight loss of time, and the testimony of plaintiff that it was the custom to release them before attempting to remove a rail, and that they would have been released in the present instance had the roadmaster not intervened, we think the evidence sufficient to make a question

for the jury. Whether plaintiff appreciated the danger and assumed the risk was also a question for the jury. See Heydman v. Red Wing Brick Co. 112 Minn. 158, 127 N. W. 561; Fieck v. Chicago Great Western R. Co. 116 Minn. 47, 133 N. W. 66; Burmister v. P. C. Giguere & Son, 130 Minn. 28, 153 N. W. 134.

Judgment affirmed.