UNITED VERDE COPPER CO. v. KUCHAN.

(Circuit Court of Appeals, Ninth Circuit.   June 3, 1918.)

No. 3089.

MASTER AND SERVANT ☞184—MASTER'S LIABILITY FOR INJURY TO SERVANT—UNSAFE PLACE TO WORK.

 Under Civ. Code Ariz. 1913, par. 4071, requiring warning to be given before firing a blast in a mine, and Const. Ariz. art. 18, § 4, abrogating the fellow servant doctrine, a mining company is responsible for a failure to give such warning, whereby an employé is injured.

In Error to the District Court of the United States for the District of Arizona; Wm. H. Sawtelle, Judge.

Action by Nick Kuchan against the United Verde Copper Company. Judgment for plaintiff, and defendant brings error. Affirmed.

This is an action for damages for personal injuries received by the defendant in error while employed by the plaintiff in error in its mine in Yavapai county, Ariz. At the time of the injury the defendant in error was employed upon the 700-foot level of the company's mine, where another servant of the plaintiff in error was engaged in blasting and discharging explosives. While the defendant in error was passing, with others, from one place upon said level to another place on the same level, where they were to have lunch, a large quantity of dynamite or other high explosive placed in a hole by the servant of the plaintiff in error engaged in that work was suddenly exploded and discharged, without any warning to the defendant in error that such explosion and discharge was to be made. As a result of the explosion, the defendant in error was struck with a quantity of rocks and stones, whereby he sustained severe permanent injuries, among others, the loss of both of his eyes, the total loss of the hearing in one ear and impairment of the other, some destruction of the molar bones of the jaw and a wounding of the left shoulder; the latter probably not a permanent injury. At the trial the injuries were proven as stated, and, at the conclusion of the testimony, counsel for the plaintiff in error stated that, notwithstanding he contended there was no negligence on the part of the plaintiff in error, he was willing that the jury should bring in a verdict of $7,500, but that he was not willing that they should bring in a verdict for more than $7,500, unless the jury believed defendant was guilty of negligence. No claim was made that defendant in error was guilty of contributory negligence. The jury returned a verdict for $25,000 and costs.

G. P. Bullard, of Phœnix, Ariz., and Le Roy Anderson and Anderson, Coleman & Nilsson, all of Prescott, Ariz., for plaintiff in error.

F. C. Struckmeyer and J. S. Jenckes, both of Phœnix, Ariz., for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MORROW, Circuit Judge (after stating the facts as above). It is assigned as error that the court gave the jury the following instruction:

"You are instructed that the law requires a mining company, such as the defendant, before firing charges of explosives, to give warning in every direction from which access may be had to the place where blasting is going on. This is a duty imposed upon mining companies, and the failure to give warning as required by statute constitutes negligence on the part of the defendant; and if you find from the evidence that warning of the intention to fire the charges of explosives which caused the injury to the plaintiff was not given to the plaintiff, and that the failure to give such warning constituted the proximate cause of such injury to the plaintiff, then the plaintiff is entitled to recover in this action."

The instruction was based upon subdivision (e) of section 4071 of the Civil Code of Arizona (Revised Statutes of Arizona 1913 and Civil Code, p. 1365). The section provides, among other things:

"Before firing charges, warning must be given in every direction from which access may be had to the place where blasting is going on."

The question is: Does the law place the duty of giving the warning before firing a charge of explosives upon the mining company? The appellant contends that the duty of giving the warning must be definitely fixed upon the company to make it liable, and as there are no words in the statute designating the mining company as the person or company on whom the duty to give the warning falls, the duty is not so placed, and must fall upon the employés or servants, failing to do that duty; but the "common-law doctrines of fellow servants, so far as it affects the liability of a master for injuries to his servants resulting from acts or omissions of any other servant," was abrogated by section 4 of article 18 of the Constitution of the state. It follows that, if it be conceded that the statute fails to place the duty to give the warning upon the mining company, nevertheless the Constitution of the state, construed in the light of the general law, makes the company responsible for the neglect of such duty, and the same result is reached as though the statute had directly placed the duty of giving the warning upon the mining company. This responsibility of the mining company arises under the general law requiring all employers to use ordinary care to furnish a reasonably safe place within which their employés are required to work.

The Supreme Court of Iowa, in Hendrickson v. United States Gypsum Co., 133 Iowa, 89, 110 N. W. 322, 9 L. R. A. (N. S.) 555, 12 Ann. Cas. 246, after stating the general rule that it was a masterial duty to provide employés a safe place to work, and that this duty was one which could not be delegated in such a way as to release the master from responsibility for failure to perform it, gives this clear and logical construction of the rule as applied to the use of explosives in a mine, the question before the court in that case. The court says:

"It must at all times be remembered that defendant was using a highly dangerous explosive in its mine, and that, by reason thereof, the place was unsafe, unless proper rules were made for the handling thereof, and proper warnings given of the blasts."

In Belleville Stone Co. v. Mooney, before the New Jersey Court of Errors and Appeals, the plaintiff an employé in defendants' quarry was

injured by a piece of rock thrown out by a blast. The plaintiff was not warned of the blast soon enough to enable him to reach a place of safety. In discussing the question of the employer's liability for the neglect of an employé in failing to give timely warning of the blast, the court said:

"The danger of blasting was one frequently recurring, and its occurrence could always be foreseen, not by workmen scattered about the quarry, but by any person charged with the duty of watching for it. If the danger was not foreseen, and proper warning given, the quarry became an unsafe place for the workmen; but it was made reasonably safe if such warning was given. It seems clearly to follow that on him whose duty it was to take care that the place should be kept safe was cast the duty of giving timely warning. We conclude, therefore, that it was part of the defendant's duty to the plaintiff that proper care should be exercised in giving warning of an expected blast." 60 N. J. Law, 323, 38 Atl. 835; 61 N. J. Law, 253, 39 Atl. 764, 39 L. R. A. 834.

To the same effect is Hjelm v. Western Granite Contracting Co., 94 Minn. 169, 102 N. W. 384; Jacobson v. Hobart Iron Co., 103 Minn. 319, 114 N. W. 951.

In Iowa, New Jersey, and Minnesota the fellow servant rule prevails in other than railroad employment. It will thus be seen that, in using such a dangerous agent as an explosive in those jurisdictions, the safe place rule required of the master is made superior to the fellow servant rule, and determines the master's responsibility for injuries arising from negligence. It follows that the use of explosives in a jurisdiction where the fellow servant rule has been abolished the law with still greater force and certainty imposes upon the employer, under the safe place rule, a responsibility he cannot delegate to others and determines his liability for the negligence of a fellow servant. This we believe to be the correct interpretation of the provision of the Constitution and Civil Code of Arizona upon that subject.

This conclusion is a sufficient answer to the other questions discussed in the brief of the plaintiff in error. We think the questions involved in the writ of error were of sufficient importance to be brought to this court, and the defendant ought not to be subjected to additional damages on that account.

The judgment of the court below is affirmed.