ALVIN GRUSSING v. EMMA BINGER, ADMINISTRATRIX OF ESTATE OF HERMAN BINGER.

114 N. W. (2d) 699.

April 13, 1962—No. 38,478.

*Earle F. Tighe,* for appellant.
*Peterson & Holtze,* for respondent.

MURPHY, JUSTICE.

This case is before us on appeal from an order of the district court denying plaintiff's motion for judgment notwithstanding the verdict or in the alternative for a new trial on the issue of damages, or as a second alternative for a new trial on all of the issues.

The case involves a claim for personal injuries resulting from an accident in the operation of a piece of farm equipment. It appears that at the close of the plaintiff's case the court directed a verdict for the defendant. The narrow question presented on this appeal is whether on the state of the record at the time the plaintiff rested there was evidence from which the jury might find that the defendant was negligent. The defendant died subsequent to the accident and is represented here by the administratrix of his estate. In the discussion to follow the plaintiff will be referred to as the employee and the defendant as the employer.

Viewing the record in the light most favorable to the employee, as we are required to do, it appears that on August 10, 1959, the employer, Herman Binger, owned a Hagie Hi-Boy Sprayer and was engaged in the business of spraying crops for farmers in the community where he lived. The employee, Alvin Grussing, worked for his employer part time. His principal occupation was that of a rural mail carrier. Over a period of 2 years he had worked for the employer during the crop-growing seasons; his work involved the operation of the sprayer. On the date in question the employee was working for his employer

and operating the machine in the field of one Louis Kramin. The employee began work at about noon after completing his work for the day as a mail carrier. He operated the machine during the afternoon and part of the evening. The spraying machine is so constructed as to permit it to move through fields of growing corn without damaging the crop. It has three wheels positioned in the manner of a tricycle. The operator sits approximately 6½ feet above the ground. The machine is propelled by power applied to the single front wheel, sometimes referred to as a bull wheel. The rear wheels are 6 feet apart. Between the front and back wheels and directly beneath the operator's seat is a large tank containing the spray material.

At about 7 p. m. on the day in question, while the employee was still working in the Kramin field, his employer came and directed him to stop the machine. The employer thereupon opened the cover to the spray tank, looked at the contents, replaced the cover, and walked off, directing the employee to follow him with the machine to the west end of the field.[1] At this end of the field is a township road running north and south, along which is a road ditch about 4 feet in depth. The employer directed the employee to drive the machine forward through the ditch and onto the road. When the employee attempted to follow the directions, it was found that the bull wheel spun in the gravel next to the road and the machine stalled. At this point the employer, who was still directing the movement of the machine, opened the palms of his hands indicating that the employee stop. The employer then made a circular motion with his hands directing the employee to back up, turn around, and approach the road, rear wheels first. The employee followed these directions. While backing up, the employee was watching his employer for directions as employer motioned with one open hand for employee to proceed toward the rear. As the rear wheels went into the ditch and proceeded up the incline, they were at an angle, the right wheel being at an elevation higher than the left. At about this point the employer threw up his hands, signaling the em-

---

[1]Because the defendant is since deceased, there was no testimony with reference to the conversation which took place between the employee and employer.

ployee to stop. The employee then noticed that the machine was tipping. He jumped clear of the machine and injured his ankle, sustaining personal injuries which are the subject of this lawsuit.

Because of the posture in which this case reaches us, the only issue we consider is that of the employer's negligence. The issues of assumption of risk and contributory negligence are not before us.[2]

■ In reviewing the employee's assignment of error with reference to the directed verdict, it is necessary for us to keep in mind that this motion accepts the view of the evidence most favorable to the adverse party and admits the credibility, except in extreme cases, of the evidence in his favor and all reasonable inferences to be drawn therefrom. The motion for a directed verdict should be granted only in those unequivocal cases where in the light of the evidence as a whole it would clearly be the duty of the trial court to set aside a contrary verdict as being manifestly against the entire evidence or where it would be contrary to the law applicable to the case. Erickson v. Strickler, 252 Minn. 351, 90 N. W. (2d) 232; Hanson v. Homeland Ins. Co. 232 Minn. 403, 45 N. W. (2d) 637; Kolatz v. Kelly, 244 Minn. 163, 69 N. W. (2d) 649.

■ There are a great many authorities in this state which express the general rule that the master is bound to use ordinary care to warn and protect his servant from unusual dangers and risks. In Hjelm v. Western Granite Contracting Co. 94 Minn. 169, 172, 102 N. W. 384, 385, we held that wherever the nature of the work is such that it is necessary that orders be given to protect employees from dangers which

---

[2] The court denied the plaintiff's motion to amend his complaint to allege a claim under Minn. St. 176.031 of the Workmen's Compensation Act. The motion was made at the opening of the trial. At a pretrial conference held some time prior thereto, the plaintiff had not asserted the statutory claim, and the motion was denied because it was not timely made. The trial court in its memorandum stated: "Assuming that the application to amend had been timely and had been granted, the plaintiff must still prove negligence on the part of the [defendant] before he could recover in an action under the Workmen's Compensation Statute, M. S. 176.041. * * * No negligence having been proved, in the opinion of the Court, the denial of the motion to amend, even if erroneous, is without prejudice."

are not obvious, it is not only the right but the absolute duty of the employer to give such orders, and in obeying them the employee has the right to assume that the employer has exercised due care for his safety.[3]

In Johnson v. Minneapolis General Elec. Co. 67 Minn. 141, 69 N. W. 713, an employee was injured while loading heavy iron boilers upon a truck. While employees were removing the skids and unfastening a rope used in the loading process, the boiler rolled off the truck, striking and injuring the plaintiff. There, as here, the employee was working under the supervision of his superior. In that case the evidence tended to show that the ground upon which the wheels of the truck stood was solid on one side and soft on the other, so that when the boiler was loaded on the truck its weight caused one rear wheel to sink into the ground, as a result of which the platform tilted and the boiler rolled from it in the direction of the plaintiff. We there observed (67 Minn. 144, 69 N. W. 714):

"* * * Upon the evidence it was for the jury to say whether or not the representative of the master, having and exercising control over the men and the work they were engaged in, was negligent when he gave orders to plaintiff which brought him between the truck and the boilers lying upon the timbers."

For other authorities to the same effect, see Hjelm v. Western Granite Contracting Co. 94 Minn. 169, 102 N. W. 384; Aho v. Adriatic Min. Co. 117 Minn. 504, 136 N. W. 310; Wickham v. Chicago, St. P. M. & O. Ry. Co. 110 Minn. 74, 124 N. W. 639, 994; Myhre v. Tromanhauser, 64 Minn. 541, 67 N. W. 660; Fieck v. Chicago G. W. R. Co. 116 Minn. 47, 133 N. W. 66; Kapsotes v. G. N. Ry. Co. 132 Minn. 435, 157 N. W. 713; Dimetre v. Red Wing Sewer Pipe Co. 127 Minn. 132, 148 N. W. 1078.

The rule to be gleaned from these authorities, and which we apply to this case, seems to be that since it is the duty of the servant to obey orders given to him if not manifestly unreasonable, the employer must use reasonable care to protect the servant from dangers in execution of the orders and will be held liable for his negligence in this regard. Here the record presents the picture of an employee who was in-

[3] 11 Dunnell, Dig. (3 ed.) § 5855; Id. § 5943, notes 4 and 5.

▬▬▬▬

jured while working under the direct and immediate supervision of his employer. The precise place in which the plaintiff was working was chosen by his employer. The maneuvers in which he was engaged were pursuant to the directions and commands of the employer. The manner of executing the work was specified by the orders of the employer. It is also important to note that the employer had himself driven the machine and was familiar with its characteristics. It was obviously an unwieldy machine and not a stable piece of equipment. The employee sustained the loss of his right eye in military service. The employer was aware of this fact. While employee was backing the machine up the incline, the employer was to the employee's right or blind side. Under the circumstances the employee would be expected to rely upon the directions of the employer in the movements of the machine. Moreover, it should be noted that along the edge of the field is a field roadway. The employee had used this road on two occasions during the afternoon to go to the farm buildings for the purpose of refilling the tank. From this roadway there is a driveway to the township road. Had this approach to the township road been used, the accident would not have occurred in the way it did. Under the circumstances, we are of the opinion that the record presents facts which made an issue for the jury as to the negligence of the defendant employer.

■ The employer relies on authorities to the effect that a party may not be charged with negligence for failure to warn another against dangers which are open and obvious to a person of ordinary knowledge and intelligence. Manley v. Minneapolis Paint Co. 76 Minn. 169, 78 N. W. 1050; Wendler v. Red Wing Gas & Elec. Co. 92 Minn. 122, 99 N. W. 625; Blomberg v. Trupukka, 210 Minn. 523, 299 N. W. 11; Tomczek v. Johnson, 110 Minn. 320, 125 N. W. 268; McCutcheon v. Virginia & R. L. Co. 114 Minn. 226, 130 N. W. 1023; Dishington v. A. W. Kuettel & Sons, Inc. 255 Minn. 325, 96 N. W. (2d) 684. These cases may be distinguished on the facts. They do not involve the standards of conduct to be observed in the employer-employee relationship under circumstances where the employee is injured while performing duties in obedience to the instructions of his employer.

Reversed and new trial granted.