MILDRED GUSTAFSON AND ANOTHER v. VERN SCHILT.

116 N. W. (2d) 557.

July 27, 1962—Nos. 38,542, 38,543.

*Benson, Schreiner & Moosbrugger,* for appellants.
*Thomas P. Welch,* for respondent.

PER CURIAM.

Appeals from judgments of the district court entered pursuant to directed verdicts for the defendant.

From the record it appears that the parties were involved in an automobile accident which occurred April 15, 1957, on State Highway No. 12 west of Cokato. The defendant was driving a 1948 Chevrolet west in the north lane of Highway No. 12. He was followed by an automobile driven by Sheriff Willis Fryer, who in turn was followed by the plaintiffs. The weather was misty and visibility was somewhat limited. About 2 miles west of Cokato, the road rises and about 1,000 feet beyond the crest of the rise a county road intersects Highway No. 12 from the south.

The defendant testified that at the crest of the hill he turned on his left turn signal to indicate his intention to turn left on the county road. He came up to the intersection and stopped, unable to complete the turn because of oncoming traffic. The sheriff, who was following the defendant, pulled over onto the shoulder and stopped beside him. The sheriff testified that he had seen plaintiffs' car approaching from behind and pulled off the road in order to avoid being hit, since he was "right in the middle." The plaintiff driver, who by then was only about 75 feet behind the sheriff's car, applied his brakes but slid into the rear of defendant's vehicle.

The plaintiff driver testified that he did not see the defendant's car until he was 30 feet from it. Both plaintiffs and Sheriff Fryer testified that they saw no left-turn signal from defendant's car, though the sheriff stated that he had concluded from the car's position that

a turn was contemplated. The defendant's car was not equipped with brake lights.

Both plaintiffs brought suit against the defendant for damages resulting from the collision, the actions being consolidated for trial. After completion of the plaintiffs' case the defendant moved for a directed verdict, which was granted. From judgments thereupon entered, plaintiffs appealed. In granting defendant's motion the trial court ruled that defendant's conduct in stopping on the two-lane highway in order to make a left-hand turn was no ground for a finding of negligence. It also held that even if defendant failed to give any signal of his intention to turn this could not have been the proximate cause of the accident. The court stated:

"* * * Such signals would not have given the plaintiff Gustafson any warning because the plaintiff did not see the defendant's car until he was 30 feet from it, nor would such signals have given the sheriff any notice because he was aware of the presence of the car in his lane of traffic for a distance of not less than 80 rods or 1,000 feet."

Plaintiffs claim on appeal that jury issues were presented below as to (1) whether defendant was negligent in stopping his car on a highway just beyond the crest of a hill, knowing that there were other cars following him; (2) whether defendant failed to signal; and (3) whether his conduct was a proximate cause of the accident.

■ In reviewing plaintiffs' assignments of error with reference to the directed verdict it is necessary for us to keep in mind that this motion accepts the view of the evidence most favorable to the adverse party and admits the credibility, except in extreme cases, of the evidence in his favor and all reasonable inferences to be drawn therefrom. The motion for a directed verdict should be granted only in those unequivocal cases where in the light of the evidence as a whole it would clearly be the duty of the trial court to set aside a contrary verdict as being manifestly against the entire evidence or where it would be contrary to the law applicable to the case. Grussing v. Binger, 262 Minn. 345, 114 N. W. (2d) 699; Erickson v. Strickler, 252 Minn. 351, 90 N. W. (2d) 232; Hanson v. Homeland Ins. Co. 232 Minn. 403, 45 N. W. (2d) 637; Kolatz v. Kelly, 244 Minn. 163, 69 N. W. (2d) 649.

■ Plaintiffs rely on Minn. St. 169.32 and 169.35, subd. 2, prohibiting stopping or parking on highways. These statutes, however, are qualified by § 169.19, subd. 1(2), providing that left turns be made from "that portion of the right half of the roadway nearest the center line thereof * * *." Since drivers approaching from the opposite direction have the right-of-way, § 169.20, subd. 2, defendant clearly acted properly in pulling up next to the centerline of the highway and stopping while oncoming cars went by. Alex v. Jozelich, 248 Minn. 27, 78 N. W. (2d) 440; Bauer v. Bahr, 240 Wis. 129, 2 N. W. (2d) 698.

■ Plaintiffs further rely on § 169.19, subd. 5, which requires a signal before turning at an intersection. It must be assumed for the purpose of the motion for a directed verdict that defendant gave no signal. Both plaintiffs and Sheriff Fryer testified that they saw no signal.[1] In discussing the mutual obligations and responsibilities which rest upon respective drivers of vehicles proceeding in a line of traffic, we said in Nees v. Minneapolis St. Ry. Co. 218 Minn. 532, 537, 16 N. W. (2d) 758, 762:

"* * * The driver of the leading vehicle must exercise ordinary care not to stop, slow up, nor swerve from his course without adequate warning to following vehicles * * *. The driver of the following vehicle * * * must exercise ordinary care to avoid collision with vehicles, both those in front and those behind him. Just how close to a vehicle

---

[1]The defendant relies on Forde v. N. P. Ry. Co. 241 Minn. 246, 63 N. W. (2d) 11, to the effect that negative testimony as to the existence of warning signals is insufficient to carry the issue to the jury. That case may be distinguished on the facts. The court there said (241 Minn. 253, 63 N. W. [2d] 16): "Although purely negative testimony regarding the signals (not to be confused with testimony which is negative only in form but affirmative in substance) may in certain cases have significant probative value because of peculiar surrounding circumstances which make it highly unlikely that functioning signals would not have been seen or heard, such is not the case here under the existing circumstances and in the face of the overwhelming positive evidence to the contrary." In the case before us no disinterested witnesses claim that they did see a signal, and the witnesses in a position to have seen the signal testified that they did not.

in the lead a following vehicle, ought [to] * * * be driven, just what precautions a driver of such a vehicle must * * * take to avoid colliding with a leading vehicle which slows, stops, or swerves in front of him, just what signals or warnings the driver of a leading vehicle must * * * give before stopping or slowing up of his intention to do so, may not be laid down in any hard and fast or general rule."

While the evidence is not strong, we think it is sufficient to present a fact question for the jury on the issue of negligence and causation. Here we have an old car which admittedly was not equipped with brake lights. Two witnesses who were in a position to make a purposeful observation did not see the turn lights function. Under the circumstances the jury might well consider whether the abrupt maneuver by Sheriff Fryer of his car onto the shoulder of the road was caused by the absence of the signal lights on defendant's automobile and whether, if the signal lights had been functioning properly, Sheriff Fryer's car might have slowed down more gradually and thereby alerted plaintiff to the position of defendant's car on the highway.

It is accordingly our opinion that the court erred in directing a verdict for defendant and judgment should be reversed.

Reversed and new trial granted.