FREDERICK MATTICE

*vs.*

WILLIAM LITCHERDING.

Sec. 21, Ch. 65 of the General Statutes, which prescribes the time at which the pleadings in actions in Justices' Court must take place, is imperative.

Consent to an adjournment in Justice's Court, does not carry with it consent for a party to plead after the expiration of a week from the time appointed in the summons for the appearance of the parties.

An objection to the jurisdiction of the Court, may be raised at any stage of the proceedings.

This action was commenced before a Justice of the Peace in Goodhue county. The summons was issued on the 8th of October, 1867, returnable October 18, 1867, at 10 o'clock A. M. On the return day of the summons, it was returned duly served, and the plaintiff and defendant both personally appeared, and, by mutual consent, the case was continued until November 7th, 1867, at 10 o'clock A. M. At the time to which the case was continued, the plaintiff appeared and filed his complaint, duly verified. The defendant did not appear. The plaintiff waited one hour after the time to which the cause had been continued, for the defendant to appear, and then produced certain witnesses, who were sworn and examined before the Justice. The Justice rendered a judgment for the plaintiff. The defendant appealed from the judgment to the District Court for that county, on questions of law alone. The District Court reversed the

Mattice -v. Litcherding.

judgment, and the plaintiff appeals to this Court. The defendant insists, among other things, in his fourth point, that the judgment of the District Court should be affirmed, because, by the adjournment of the case, for more than one week, before the parties had joined issue, by pleading, the Justice lost jurisdiction of the action ; while the plaintiff urges that this point, not having been raised in the Court below, has been waived.

Parker & Hoyt for Appellant.

J. C. McClure for Respondent.

*By the Court*—McMillan, J.—This action was commenced in Justice's Court. The summons was issued on the 8th of October, 1867, returnable on the 18th of October 1867, at 10 o'clock in the forenoon. On the day last named the summons was returned served, and the parties, plaintiff and defendant, personally appeared, and, by mutual consent, the case was continued until the 7th of November, 1867, at 10 o'clock in the forenoon, at which time the plaintiff appeared, and filed a verified complaint. The defendant did not appear. Having waited one hour after the time designated for the appearance of said defendant, certain witnesses were produced by the plaintiff, sworn and examined, before the Justice, who rendered a judgment for the plaintiff, from which the defendant appealed to the District Court, as we discover from the judgment in the District Court, on questions of law alone. The District Court reversed the judgment of the Justice, whereupon the plaintiff appealed to this Court. In the view we take of the case, it is altogether unnecessary for us to determine the questions raised by the appellant, as the judgment of the District

Court must be affirmed, on the ground urged by the respondent in his fourth point. The record shows that the return day mentioned in the summons, and at which the parties were required to and did appear, was the 18th of October, 1867; that the cause was adjourned by consent until the 7th of November, 1867, nearly three weeks subsequent to the day appointed in the summons for the appearance of the parties; that no pleadings were filed by either party until the day to which the cause was adjourned, when the plaintiff filed his complaint. The statute relating to this subject provides as follows : " The pleadings in Justices' Courts must take place at the time mentioned in the summons for the appearance of the parties, or at such time thereafter, not exceeding one week, as the Justice may appoint, for the convenience of the parties, and by their consent." *Gen. Stat. Ch.* 65, *Sec.* 21, *p.* 424.

It has heretofore been determined by this Court, that this statute is imperative. That the Justice has no power to receive the pleadings at any other time than that appointed for the appearance of the parties, except by their consent, and that a consent to an adjournment, does not carry with it consent for a party to plead after the expiration of a week. *Holgate vs. Brown,* 8 *Minn.,* 246. The case at bar cannot be distinguished in principle from that just cited.

This deprives the Justice of his jurisdiction to proceed in the action, because his jurisdiction to proceed is limited by the statute to cases where the pleadings are filed within the time specified ; which in this instance was not done.

And as it is a jurisdictional question, whether raised in the District Court, or not, is immaterial; either party may urge an objection to the jurisdiction, at any stage of the proceeding. *Gen. Stat. Ch.* 65, *Sec.* 107, *p.* 435.

The judgment of the District Court is affirmed.