ANGIE V. KINGSLEY v. LYMAN S. ALDEN.[1]

February 23, 1935.

No. 30,069.

*Stinchfield, Mackall, Crounse, McNally & Moore* and *Leslie L. Anderson,* for appellant.

*Grimes & Toensing,* for respondent.

PER CURIAM.

Plaintiff brought suit to recover from the defendant the sum of $1,500, money had and received by the defendant from plaintiff; in other words, the action is one to recover money had and received by the defendant which in equity and good conscience he should repay. The answer of the defendant was a general denial. The case was tried to a jury, and the jury found in plaintiff's favor, returning a verdict for the plaintiff in the amount claimed. Thereafter the defendant moved for judgment in his favor notwithstanding the verdict or, in the alternative, for a new trial. The court granted defendant's motion for judgment notwithstanding the verdict, and from the order made the plaintiff appeals.

The only question presented is whether there was evidence to go to the jury and sufficient to sustain a verdict in plaintiff's favor.

Plaintiff's husband, Frank A. Kingsley, and the defendant, Alden, were copartners in the operation of a lath mill. Defendant fur-

[1]Reported in 259 N. W. 7.

nished the capital for the partnership, and Mr. Kingsley supervised the business, furnished office space and all necessary clerical work, and apparently also acted as treasurer and received and paid out moneys of the firm.

Mr. Kingsley died suddenly on January 7, 1928. The mill was in operation at that time. Shortly before his death Mr. Kingsley issued checks in payment of wages for the men employed in the mill to an amount of about $1,500. At the time of his death there was not sufficient money in the firm's bank account to pay these checks. Two days after the death of Kingsley defendant called upon plaintiff at her home and asked her to provide the money to meet the outstanding checks of the firm.

Plaintiff testified on the trial, in substance, that she refused to advance money to take up the firm's checks; that defendant thereupon proposed to her that if she would advance this money to him he would take her into partnership in the business and they would take over the business of the former firm; that he represented that it was a good, profitable business and would give her something to live on; that after discussion of the matter, and induced by defendant's statements to her, she did on the next day go to her bank and borrow money and advanced the sum of 1,500 to the defendant; that no partnership has been formed; and that defendant has refused to repay any part of the money so advanced to him. This evidence, if believed by the jury, was sufficient to justify and sustain the verdict returned.

The defendant testified that plaintiff furnished this money to him for the purpose of paying the outstanding checks of the former firm. The court submitted the claims of the parties to the jury. The court among other things instructed the jury that "the issue in this case is simple, which of these two parties are you going to believe?"; that if they believed plaintiff's testimony as to how the money was furnished then she was entitled to recover the money; that, on the other hand, if they believed defendant's testimony as to how the money was furnished to him, then they were to find for the defendant. In that situation and under these instructions, there was evidence to go to the jury and sufficient to sustain the verdict

returned. An order for judgment in favor of the defendant notwithstanding the verdict should not have been granted. Such an order could only be granted in case there was no evidence in any way reasonably tending to sustain the verdict, or in case the evidence presented by the plaintiff was wholly incredible and unworthy of belief or so conclusively overcome by other uncontradicted evidence as to leave nothing upon which the verdict could stand. This is not such a case. 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 5082; Berghuis v. Schultz, 119 Minn. 87, 137 N. W. 201; Amy v. Wallace-Robinson Lbr. Co. 143 Minn. 427, 174 N. W. 433; Strickland v. First State Bank, 162 Minn. 235, 202 N. W. 727; Fink v. N. P. Ry. Co. 162 Minn. 365, 203 N. W. 47; Parker v. Fryberger, 165 Minn. 374, 206 N. W. 716.

The order appealed from is reversed.