Brenda L. CARLSON, as trustee for the heirs and next-of-kin of Dale J. Carlson, Appellant,

v.

Sharon POWLISH, Respondent,

Henry Powlish, Defendant.

No. C8–88–71.

Court of Appeals of Minnesota.

Aug. 30, 1988.

Review Denied Oct. 26, 1988.

Ronald R. Frauenshuh, Sr., Frauenshuh and Spooner, P.A., Paynesville, for appellant.

William W. Thompson, Schmidt, Thompson, Thompson, Johnson & Moody, P.A., Willmar, for respondent.

Richard C. Hefte, Rufer, Hefte, Pemberton, Sorlie Sefkow, Kershner & Bigwood, Fergus Falls, for defendant.

Heard, considered and decided by WOZNIAK, P.J., CRIPPEN and SHORT, JJ.

## OPINION

CRIPPEN, Judge.

At the trial of appellant Brenda Carlson's wrongful death claim against respondent Sharon Powlish, the trial court granted a directed verdict as to decedent's negligence, but left the questions as to causation and respondent's negligence to the jury. We reverse and remand for a new trial.

## FACTS

Dale Carlson died in a two-vehicle collision occurring about 11:45 p.m. on May 28,

1984 on State Highway 28 in Big Stone County just west of Graceville, Minnesota. Carlson was driving an automobile east on Highway 28 and respondent Sharon Powlish was driving west.

Powlish testified she was rounding a curve in the highway and saw approaching headlights which appeared to be crossing over the center line and moving into her lane of travel. To avoid a collision, she said, she moved into the opposing lane of traffic. Decedent then pulled back into his proper lane of travel and the collision occurred, according to Powlish. The point of impact of the vehicles was largely in decedent's (eastbound) lane of the highway with the vehicles straddling the center line of the highway. After the collision, decedent's vehicle was at a sharp angle toward the right side of the highway.

Decedent's vehicle left a skid mark of approximately 100 feet long which arced into the opposing lane of travel (westbound lane) and extended four feet nine inches into that lane. The scuff mark was caused by the wheel of his vehicle slipping as he attempted to turn back to the right. Appellant's expert stated that this mark may also be partially a braking mark. This conclusion was disputed by respondent's expert.

In the opinion of Trooper Watkins, the investigating patrolman, the accident occurred after decedent's vehicle had crossed over into the left lane and when crossing back into the proper lane collided with Powlish's vehicle. Respondent's reconstructionist, Myron Lofgren, arrived at a similar conclusion. An accident reconstruction videotape based on Lofgren's testimony was allowed by the court for illustrative purposes only. At the conclusion of appellant's case in chief, the trial court directed a verdict on negligence against appellant, leaving open only the question whether decedent's conduct directly caused the collision. The jury returned a verdict in favor of Powlish, finding decedent's negligence a direct cause of the accident and finding no negligence on the part of Powlish. A motion for judgment notwithstanding the ver-

dict or in the alternative for a new trial was denied by the trial court.

## ISSUE

Did the court err in granting a directed verdict as to decedent's negligence?

## ANALYSIS

A motion for directed verdict should be granted only in those unequivocal cases where after viewing the evidence in the light most favoring the nonmoving party, "it would clearly be the duty of the trial court to set aside a contrary verdict as being manifestly against the *entire* evidence, or * * * contrary to the law applicable to the case." *Hanson v. Homeland Insurance Co.*, 232 Minn. 403, 405, 45 N.W. 2d 637, 638 (1951) (emphasis in original). The right of the court to direct a verdict is to be executed cautiously and sparingly. *Kolatz v. Kelly*, 244 Minn. 163, 166, 69 N.W.2d 649, 652 (1955). Evidence for plaintiff, if sufficient, may be direct or circumstantial. *Elias v. City of St. Paul*, 350 N.W.2d 442, 443 (Minn.Ct.App.1984).

At the conclusion of appellant's case-in-chief, the trial court granted defense counsel's motion for a directed verdict on the issue of decedent's negligence. Whether the motion should have been granted is a question of law and requires careful examination of the evidence. *See id.*

Respondent Powlish testified that she moved into decedent's lane of traffic after observing that he had moved from his lane to hers. The reliability of this testimony is singularly determinative of negligence questions in the case. Although appellant could produce no direct evidence that Powlish crossed first into the oncoming traffic, evidence on Powlish's observations, and her opportunity to observe, would permit the jury to fairly infer that she erred in her perception that decedent first moved onto the wrong side of the road. *See Indianhead Truck Line, Inc. v. Anderson*, 272 Minn. 497, 502, 139 N.W.2d 271, 274 (1965) (inferences fairly taken from the evidence must be read in favor of

the nonmoving party). Such a finding by the jury would not have compelled the trial court to set aside that verdict. *Hanson*, 232 Minn. at 405, 45 N.W.2d at 638.

 Respondent was a new driver, moving at highway speed on a dark highway, and her testimony concerns the position of an oncoming car coming into an S-curve in the highway. Even more important, there is evidence that her observation and choice to switch lanes occurred a considerable distance from the collision. At trial Powlish described her observation and movement as an action occurring immediately before the collision. However, in her deposition she said that she was a block or two from Carlson when she moved into his lane. In an interrogatory answer she stated:

> I pulled out onto Highway 28, as soon as the curve started I saw Dale Carlson's vehicle coming around the first curve ahead of me and it looked like he was on my side of the road. I started slowing down. I was alone and thought if we did collide there wouldn't be any damage. I moved into his lane, he stayed in my lane and I thought he had fallen asleep and wouldn't move over when I moved into his lane and he jerked back over into his lane and we hit, after that I don't remember anything.

It was for the jury to decide which vehicle first left its lane of travel.

Both parties think the skid mark made by decedent's vehicle in the westbound lane favors their positions, but we find this mark largely inconclusive. The mark does not require a finding that either driver was the first to cross the center line prior to impact; it may indicate that decedent attempted an evasive maneuver prior to impact.

■ The court's refusal to give an "imminent peril instruction" was tied to the court's directed verdict against appellant. The imminent peril instruction allows a finding of no negligence where:

> A person confronted with an emergency through no negligence of (his) (her) own who, in an attempt to avoid the danger, does not choose the best or safest way, is not negligent because of such choice un-

less the choice was so hazardous that a reasonable person would not have made it under like circumstances.

4 Minn. Practice, CIV. JIG 110 (1986). The finding that decedent was negligent as a matter of law did not allow the jury to contemplate that Powlish may have created a peril by crossing the center line first. The question of negligence as to both drivers was for the jury. Both parties should have been given the benefit of the instruction.

The remaining issues, primarily evidentiary rulings of the trial court, need not be addressed in light of our decision to remand.

## DECISION

The trial court erred in directing a verdict for respondent. We reverse and remand for a new trial.

**REVERSED AND REMANDED.**