RUSSELL A. WINGE v. MINNESOTA TRANSFER RAILWAY COMPANY.

201 N. W. 2d 259.

September 29, 1972—No. 43493.

*Peterson, Bell & Converse* and *Willard L. Converse,* for appellant.

*Newcome, Wallace & Newcome* and *Thomas W. Newcome,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, and Kelly, JJ. Reconsidered and decided on the record by the court en banc.

ROGOSHESKE, JUSTICE.

This is an action to recover damages arising out of a grade-crossing collision between an automobile driven by plaintiff and one of defendant's freight trains. At the close of the evidence, the court directed a verdict for defendant railroad company, and plaintiff appeals from a denial of his post-trial motion for a new trial. The collision occurred when plaintiff's automobile struck the train as it was occupying the crossing. He claims the trial court erred in not finding defendant railroad negligent in failing to warn of the approach or presence of the train by whistle, bell, or other signal and in refusing to permit the jury to compare such negligence with his contributory negligence pursuant to Minn. St. 604.01. While ordinarily a comparison of negligence is for the jury, the evidence viewed most favorably to plaintiff is demonstrably insufficient to sustain a verdict for him, and

accordingly we affirm the court's order directing a verdict for defendant.

The accident occurred at about 8 p. m. on December 30, 1969, at the intersection of defendant's tracks, upon which it conducts switching operations, and County Road C just east of St. Anthony Village, Minnesota. The tracks run generally north and south, and County Road C runs east and west and crosses the tracks at a right angle. The area surrounding the crossing is flat and is open and unobstructed to vision in all directions. The existence of the crossing is marked by a round metal railroad-crossing sign followed by an ordinary crossbuck sign. The area is lighted at night by mercury-vapor type arc lights, one on the southeast side of the crossing and two on the northwest side.

On the night of the accident, plaintiff was proceeding toward the crossing in a westerly direction. It was dark, and the only dispute in the evidence is as to the weather conditions that evening. The evidence most favorable to plaintiff supports the inference that it was overcast with a slight haze or fog in the air. The highway was wet and slippery because of a light snowfall earlier that day.

The train, consisting of 13 black tank cars, was being pushed by a diesel engine and was traveling in a northerly direction. The locomotive engineer was in the cab of the engine on the right, or east, side with the switch foreman at his left. Another switchman was riding the lead tank car on the opposite left, or west, side of the train. The train had stopped prior to entering the crossing to allow approaching automobiles to pass. It then proceeded across the crossing at a pace slower than the speed of a man walking. When the leading tank car had come onto the crossing, the switchman on the lead tank car saw the headlamps of plaintiff's automobile approaching from the east. The vehicle was also visible to the engineer. Realizing the driver was apparently unaware of the train, the switchman signaled the engineer to stop the train when plaintiff was from 200 to 300 feet east of the crossing. Plaintiff, admittedly very familiar with the

crossing as he had crossed it "hundreds of times," saw the tank cars too late, applied his brakes, and skidded at about 10 miles per hour into the front side of the second tank car as the train stopped. No warning whistle or bell was sounded by the engineer, nor did plaintiff see the high intensity lights or "flopping" yellow light of the diesel engine projecting over the top of the 13 tank cars. The switchman at the front end of the train made no attempt to warn plaintiff with his lantern.

Defendant's motion for directed verdict was taken under advisement at the end of plaintiff's case and was renewed and granted at the close of the evidence. In directing the verdict, the court made findings of fact and these conclusions of law:

"1. The crossing was not extra hazardous.

"2. The plaintiff was negligent as a matter of law to an extent which precludes his recovery, and the defendant was not negligent.

"3. Because of Conclusion of Law # 2, the question of comparative negligence is not applicable."

We are of the opinion that the trial court erred in concluding that defendant was not negligent as a matter of law since we believe the evidence raised a jury issue and would have supported a finding that the railroad was causally negligent other than in failing to give the statutory warnings prescribed by Minn. St. 219.567.[1] Presumably, the trial court's conclusion was based upon numerous cases holding that the railroad's statutory duty to give warning by whistle or bell is applicable only to warn motorists of approaching trains, and that unless a crossing is

---

[1] Minn. St. 219.567 provides: "Every engineer driving a locomotive on any railway, who shall fail to ring the bell or sound the whistle upon such locomotive, or cause the same to be rung or sounded, at least eighty rods from any place where such railway crosses a traveled road or street, on the same level, except in cities, or to continue the ringing of such bell or sounding of such whistle at intervals until such locomotive and the train thereto attached shall have completely crossed such road or street, shall be guilty of a misdemeanor.

extrahazardous, a train standing or moving upon the crossing is in itself an adequate warning. Olson v. Chicago G. W. R. Co. 193 Minn. 533, 259 N. W. 70 (1935).[2]

All of these cases, however, were decided when contributory negligence of plaintiff was a complete defense. Since the failure of the railroad to give the statutory warning would not excuse plaintiff driver from his failure to observe the train occupying the crossing, such failure cannot be a proximate cause of the collision and thus ceases to be a factor in determining the causal negligence of the railroad. Sullivan v. Boone, 205 Minn. 437, 286 N. W. 350 (1939). Indeed, a breach of the railroad's statutory duty to warn when plaintiff's contributory negligence barred recovery had no significant bearing on the disposition of prior similar cases since a comparison of relative fault was prohibited. Our comparative negligence statute, Minn. St. 604.01,[3] which exempts no class of litigants from its application, now requires a comparison of relative fault. While the statute speaks of a comparison of negligence, in application what is really compared, upon a consideration of all relevant facts and circumstances, is the relative contribution of each party's negligence to the damage in a causal sense. Thus, while cases bearing on the liability issue decided before the enactment of § 604.01 may continue to have precedential value where the railroad's failure to give statutory warnings is not a proximate cause of the collision, recovery

[2] See, also, Seekins v. Duluth, M. & I. R. Ry. Co. 258 Minn. 180, 103 N. W. 2d 239 (1960); Schubitzke v. Minneapolis, St. P. & S. S. M. R. Co. 244 Minn. 156, 69 N. W. 2d 104 (1955); Sullivan v. Boone, 205 Minn. 437, 286 N. W. 350 (1939); Flagg v. Chicago G. W. Ry. Co. 143 F. 2d 90 (8 Cir. 1944).

[3] Minn. St. 604.01, subd. 1, provides in part: "Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering."

is not barred by plaintiff's contributory negligence and he is now entitled to have such negligence compared with any other causal negligence of defendant railroad.[4]

The trial court correctly found plaintiff contributorily negligent as a matter of law. However, since he is no longer barred from recovering diminished damages, the determinative issue presented is whether a comparison of his negligence with the causal negligence which the jury could have found against defendant would have supported a verdict for plaintiff. This test for directing a verdict under Rule 50.01, Rules of Civil Procedure, is set forth in Lovejoy v. Minneapolis-Moline Power Imp. Co. 248 Minn. 319, 79 N. W. 2d 688 (1956). It is the same as the standard for ruling upon a motion for judgment notwithstanding the verdict.[5]

We have not before directly faced the issue of whether under our comparative negligence statute the trial court can direct a verdict where it appears as a matter of law that the negligence of plaintiff is equal to, or exceeds, that of defendant. We have, however, tacitly approved a directed verdict in Fick v. Wolfinger, 293 Minn. 483, 198 N. W. 2d 146 (1972), and we have also held that a defendant's negligence was not, as a matter of law, greater than plaintiff's. Robertson v. Johnson, 291 Minn. 154, 190 N. W. 2d 486 (1971). Certainly, in the vast majority of cases, a comparison of negligence should be submitted to the jury. In the rare case where the evidence compels a finding that plaintiff's negligence is equal to, or greater than, that of defendant, we see no reason why the trial court, applying the test embodied in Rule 50.01, should not direct the verdict. Shortly after the enactment

---

[4] See, Carr v. Chicago & N. W. Ry. Co. 257 Wis. 315, 322, 43 N. W. 2d 461, 464 (1950); St. Louis Southwestern Ry. Co. v. Robinson, 228 Ark. 418, 308 S. W. 2d 282 (1957). See, also, Koch v. Missouri P. R. Co. 248 Ark. 1251, 455 S. W. 2d 858 (1970); Missouri P. R. Co. v. Howard, 204 Ark. 253, 161 S. W. 2d 759 (1942).

[5] Petron v. Waldo, 272 Minn. 513, 139 N. W. 2d 484 (1965); Kundiger v. Prudential Ins. Co. 219 Minn. 25, 17 N. W. 2d 49 (1944).

of Wisconsin's comparative negligence statute, the Wisconsin Supreme Court held that a directed verdict should be granted in such cases. It has consistently adhered to that determination. Schlueter v. Grady, 20 Wis. 2d 546, 123 N. W. 2d 458 (1963). See, also, Gagnier v. Bendixen, 439 F. 2d 57 (8 Cir. 1971). Under the practice followed in Wisconsin, the trial judge takes a motion for a directed verdict under advisement and rules upon it after submission of the liability issues to the jury.[6] As can be seen from a review of our cases involving directed verdicts prior to the adoption of our comparative negligence statute, we have often urged that such practice is preferable for many reasons, the most important of which is that in the event of an appeal and reversal, a reinstatement of the verdict avoids the time and expense of a retrial.[7] The unavoidably unpleasant duty of reversing an award of damages by a jury can at least be assuaged if the trial judge will not only reserve decision on the motion but also caution the opponent, before the case is submitted to the jury, of the likelihood of judgment notwithstanding a favorable verdict being granted.

Our review of the evidence convinces us that the jury could justifiably have found defendant railroad negligent in failing to warn plaintiff of the existence of the train on the crossing when the train crew, especially the switchman, knew, or should have known, that plaintiff was not reducing his speed and may not have observed the train. Even though, under our prior decisions, the evidence does not establish negligence per se with respect to the claim that defendant violated § 219.567, a jury could have found, upon application of common-law principles, that the railroad breached its duty under emergency circumstances to warn of the train's presence either by the switchman's using his lantern or the engineer's sounding the train's whistle. Nevertheless, when defendant's negligence is compared with plaintiff's

---

[6] Heft & Heft, Comparative Negligence Manual, § 8.200.

[7] Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 315.

negligence of improper lookout and lack of control, the trial court's conclusion, implicit in its order, that plaintiff's negligence was equal to, if not greater than, defendant's is compelled by the record in view of plaintiff's familiarity with the crossing, its unobstructed nature, the existence of arc lights, and the condition of the road and weather. In our view, the evidence would not have supported a verdict for plaintiff had the issues been resolved favorably to him by a jury. See, Gagnier v. Bendixen, *supra*.

Affirmed.