Sally J. SMRT, Appellant,

v.

DULUTH, WINNIPEG & PACIFIC RAILWAY, Respondent.

No. 47176.

Supreme Court of Minnesota.

March 10, 1978.

Trenti, Saxhaug, Berger, Carey, Roche, Stephenson & Richards and Thomas H. Carey, Virginia, for appellant.

Hanft, Fride, O'Brien & Harries and Tyrone P. Bujold, Duluth, for respondent.

Heard before PETERSON, YETKA, and IVERSON, JJ., and considered and decided by the court en banc.

YETKA, Justice.

This is an action to recover damages arising out of a railroad-crossing collision between a four-wheel pickup truck and one of defendant railroad's freight trains.

After plaintiff provisionally rested her case, defendant railroad company moved the court for a directed verdict or for dismissal. This motion was renewed at the conclusion of the trial. The court, adopting the practice suggested in *Winge v. Minnesota Transfer Railway Co.*, 294 Minn. 399, 201 N.W.2d 259 (1972), put the plaintiff on notice of his inclination to grant judgment notwithstanding the verdict if the jury returned a verdict for plaintiff.

The jury returned a verdict finding defendant railroad 80 percent causally negligent and plaintiff 20 percent causally negligent. The trial court granted judgment n. o. v. in favor of defendant. Plaintiff seeks reinstatement of the jury verdict by a reversal of the trial court's order granting defendant judgment n. o. v. We reverse and reinstate the verdict.

The accident occurred at about 11:45 a. m. on November 1, 1973, at a railroad crossing on County Road No. 180, just west of the intersection of County Road No. 180 and Highway No. 53 in Cusson, Minnesota. Defendant's railroad tracks run north and south parallel to and in between the two highways for a distance of about 1,000 feet until County Road No. 180 makes a right angle turn and crosses the railroad tracks. The train proceeding north could be seen at a distance of 1,000 feet from the crossing where the accident occurred. There were no obstructions to visibility to plaintiff as she traveled north on County Road No. 180 and turned right to the east to cross the tracks. The weather was clear and the roadway was dry. County Road No. 180 makes the right angle turn approximately 70 feet from the railroad crossing. Plaintiff was familiar with the crossing, and, although 18 years of age, was familiar with the manual gearshift on the pickup truck owned by her father having driven it before. She slowed down as she made a right-hand turn to cross the tracks and looked to the right as she was aware of the possibility of a train approaching. She saw nothing but indicated she had an unobstructed view for 1,000 feet down the track. She slowed down almost to a stop to downshift from third to second gear. She knew

the crossing was rough and that it would bounce her around as she crossed. As she entered the crossing, her truck stalled. She turned the key, the engine started, and she had started to go forward when struck by the train. Plaintiff estimated that she was stalled on the tracks close to 20 seconds.

The court ruled as a matter of law and so instructed the jury that no negligence could be found on the part of the railroad on the basis of speed, signaling by bell or whistle, or with respect to posting of warning signs at the crossing as there was no evidence of any failures on the part of the railroad in these areas. No objections were made by plaintiff to these rulings or jury instructions.

The jury was permitted to consider whether the railroad was negligent in failing to comply with Minn.St. 219.07 by the following jury instruction:

" * * * 'Every railroad company shall construct and maintain in good repair and free from snow or other obstruction, wherever any of its lines cross a public road, sufficient crossings, consisting of a plank covering of the same width, securely spiked, extending the full length of the ties, the planks not more than one inch apart, the flangeway between the planking and the rails not more than two and one-half inches in width, the surface of the planking on a level with the top of the rail; the flangeway edge of the plank in any such crossing hereafter built shall be suitably faced or otherwise protected with metal * * * ' "

The court also instructed the jury with respect to Minn.St. 219.08:

" * * * 'Every railroad company in this state shall keep well planked and in a safe and passable condition every crossing over any public highway, and when any such railroad company shall have changed or raised the grade of its tracks at any such crossing, it shall also grade the approaches on each side so as to make the approach and the crossing of such tracks safe and easy for teams with loads and other vehicles.' "

The trial court in granting defendant's motion for judgment n. o. v. concluded that plaintiff's negligence was as great or greater than the negligence of the defendant railroad as a cause of the accident, relying upon *Winge v. Minnesota Transfer Railway Co., supra.*

In *Winge,* the plaintiff collided with a black tank car which obstructed the railroad crossing at night. There this court affirmed the trial court which granted a directed verdict for defendant even under circumstances where there may have been a jury issue with respect to negligence on the part of the railroad in failing to warn the oncoming motorist by lanterns or lights that the train was blocking the crossing.

In a case similar in some respects to the instant case this court affirmed plaintiff's cause of action. *Bray v. Chicago, R. I. & P. R. Co.,* 305 Minn. 31, 232 N.W.2d 97 (1975). In *Bray,* a truck was being driven extremely slowly across a railroad crossing because of disrepair and failure to have proper planking at the crossing. However, in *Bray* there was a definite obstruction to visibility so that plaintiff could not see the approaching train until it was almost at the crossing.

The crucial question presented in this case is whether the plaintiff's presence on the railroad track and the stalling of her truck under the circumstances was caused by the defective crossing or in the main by reason of her failure to keep a proper lookout for the train which, under the evidence most favorable to her, must have been clearly visible at the time she approached the crossing.

We believe that this case presented a clear jury question and the latter found the railroad 80-percent negligent. The matter should have ended there. Neither the trial court nor this court should substitute its judgment for that of the finder of fact absent compelling reasons which are totally lacking in this case. In *Bray v. Chicago, R. I. & P. R. Co.,* 305 Minn. 31, 36, 232 N.W.2d 97, 100, we stated:

" '* * * The law is well settled in this jurisdiction that in examining a ver-

dict on appeal the evidence must be considered in the light most favorable to the prevailing party and the verdict must be sustained if it is possible to do so on any reasonable theory of evidence. The verdict should not be disturbed unless it is manifestly and palpably contrary to the evidence.' "

The jury could have found that plaintiff arrived at the crossing well ahead of the train. She claimed that she remained stalled on the tracks for about 20 seconds. This fact is corroborated by the testimony of defendant's witnesses who were operating the train at the time of the accident. The fireman testified that he saw the car stalled on the track when the train was 600 to 800 feet from the intersection. The engineer estimated that 15 to 20 seconds elapsed between the time he began emergency braking procedures and the time of impact. Thus, had the vehicle not stalled, plaintiff would clearly have had adequate time to cross the track.

The jury could have inferred that the vehicle's stalling was caused by the condition of the tracks. The truck stalled because plaintiff had to downshift to cross tracks which she knew were without planking and which protruded at least 3 inches above the grade.

With that finding possible, the case is controlled by *Peyla v. Duluth, Missabe & Iron Range Railroad Co.,* 218 Minn. 196, 201, 15 N.W.2d 518, 521 (1944), in which this court stated:

"* * * [w]here a person calculates that it is safe to cross the tracks in front of an approaching train, and *could as a matter of fact cross safely unless something occurred to prevent it, and undertakes to cross and a collision occurs which is attributable to some occurrence which hinders or prevents him from getting across the tracks ahead of the train rather than to a miscalculation on his part that it was safe to cross, his attempt to cross in front of the train is not negligence as a matter of law.*" (Italics supplied.)

The jury could have found that but for the poor condition and state of disrepair of the tracks the vehicle would not have installed. Plaintiff's attempt to cross in front of the train would have been successful except for the stalling caused by the track. In *Bray,* this court found a jury question on the issue of comparative negligence where a truck driver's view of an approaching train was partially obstructed by a railroad structure. The presence of the signal house in *Bray* is analogous to the track condition in the present case insofar as both were attributable to the railroad and both were causally connected to the collision. The present case is clearly within the facts of *Bray* and *Peyla.* Therefore, we reverse and reinstate the jury's verdict.