**Jerry D. ELIAS, Appellant,**

v.

**CITY OF ST. PAUL, Respondent.**

**No. C6–83–1250.**

Court of Appeals of Minnesota.

June 19, 1984.

Kevin L. Callahan, St. Paul, for appellant.

Paulette Flynn, City Atty., Susanne Flinsch, St. Paul, for respondent.

Heard, by SEDGWICK, P.J., and PARKER and CRIPPEN, JJ. Considered and decided en banc: POPOVICH, C.J., and FOLEY, LESLIE, SEDGWICK, PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

This is an appeal from a judgment based on a directed verdict for defendant in a negligence case. The trial court found insufficient evidence to permit a verdict on causation. We affirm.

## FACTS

Appellant Jerry Elias and his wife, Jill, were injured in an accident near the intersection of Whitall and Westminster streets in St. Paul. Whitall ends in a "T" at Westminster.

Appellant claims he overshot the T-intersection and careened down a 16–18 foot embankment. He charged the City of St. Paul with negligence for failing to install protective warning devices or barricades. There were none at the time of the accident. Evidence would sustain a finding that plaintiff was unfamiliar with the intersection.

Neither appellant nor his wife has any memory about the accident or preceding driving behavior. There were no eyewitnesses. There is no evidence on the control of plaintiff's car before the accident, or indicating whether other vehicles or distractions were involved.

The appellant consumed three or four beers at a party he attended before the accident. His wife did not feel he was intoxicated.

Jill Elias recalled that the van driven by her husband had no brake problems earlier in the evening. She believed she would have protested if Jerry Elias had driven at an unusual speed.

The trial court concluded that plaintiff failed to meet his burden of proving that alleged negligence of the city was a direct cause of the accident. Saying that a jury verdict for plaintiff would require speculation, the court directed a verdict for defendant.

## ISSUE

Does plaintiff's evidence on causation permit a directed verdict for defendant?

## ANALYSIS

■ A motion for a directed verdict presents a question of law regarding the sufficiency of the evidence "to sustain a verdict for the opponent." Rule 50.01 Minnesota Rules of Civil Procedure. In *Hanson v. Homeland Ins. Co. of America*, 232 Minn. 403, 404, 405, 45 N.W.2d 637, 638 (1951), the Minnesota Supreme Court said:

It is elementary that a motion for a directed verdict, which by its very nature accepts the view of the entire evidence most favorable to the adverse party and admits the credibility (except in extreme cases) of the evidence in his favor and all reasonable inferences to be drawn therefrom, should be granted only in those unequivocal cases where (1) in the light of the evidence as a whole, it would clearly be the duty of the trial court to set aside a contrary verdict as being manifestly against the entire evidence, or where (2) it would be contrary to the law applicable to the case.

(emphasis omitted).

■ Evidence for plaintiff, if sufficient, may be direct or circumstantial. In *Hagsten v. Simberg*, 232 Minn. 160, 163, 164, 44 N.W.2d 611, 613 (1950), the Minnesota Supreme Court stated:

While it is true that civil damages may be recovered where the proof is circumstantial if the evidence meets the legal quantum of proof, mere proof of the happening of the accident or proof that death or injury was the result of the act of another, without proof of negligence or its causal relation to the result complained of, is not sufficient.

■ A claim of causation is against the evidence when it rests on mere conjecture. *Kludzinski v. Great Northern Ry. Co.*, 130 Minn. 222, 224, 153 N.W. 529 (1915). In that case the Supreme Court said:

It is not incumbent on the defendant to show how the accident happened. If the cause of its happening is not established, the defendant is entitled to prevail. The proof must establish causal connection beyond the point of conjecture. It must show more than a possibility of injury from defendant's acts. It must be more than merely consistent with plaintiff's theory of how the accident occurred. 130 Minn. at 224.

■ Directed verdicts are to be used cautiously. In *Wohlfeil v. Murray Machinery, Inc.*, 344 N.W.2d 869, 873, No. C1–83–1169, slip. op. at 7 (Minn.Ct.App.1984), we said this action is appropriate "only in the exceptional case." The Minnesota Supreme Court said in *Kolatz v. Kelly*, 244 Minn. 163, 166, 69 N.W.2d 649, 652 (1955):

While the right to direct a verdict also involves the duty to do so, nevertheless, it is a right to be cautiously and sparingly exercised.

Caution is "especially" required before directing a verdict against plaintiff at the close of his case. *Usher v. Allstate Insurance Company*, 300 Minn. 52, 57, 218 N.W.2d 201, 205 (1974).

■ In this matter, appellant's theory of causation is no more supported by evidence than speculative theories which would relieve defendant from liability.

The prospects of sleep or inattention of the driver, or the effects on him of alcohol, are plausible explanations of his accident. No evidence in the case suggests otherwise, and the theories are consistent with evidence on the time of the accident and plaintiff's preceding activities. Likewise, it is plausible to consider the prospect for involvement of other vehicles or distractions. No evidence conflicted with those theories. They take into account the time and the site of the accident, an urban street at midnight on a Saturday night.

Appellant's arguments rest principally on the Minnesota Supreme Court decision in *Larson v. Township of New Haven*, 282 Minn. 447, 165 N.W.2d 543 (1969). There the trial court and the appellate court found plaintiff's evidence sufficient for a verdict. The facts involved a T-intersection without motorist protections and a driver unfamiliar with the site.

The *Larson* decision is flawed precedent. It rested specifically on a statutory presumption, since held unconstitutional, and now repealed. See *Price v. Amdal*, 256 N.W.2d 461 (Minn.1977). The driver in *Larson* was fatally injured. His due care was presumed under Minn.Stat. Sec. 602.-04, repealed by Minn.Laws 1978 Ch. 491 § 1.

This distinction of the *Larson* case was first declared by the Minnesota Supreme Court in *Zinnel v. Berghuis Const. Co.*, 274 N.W.2d 495, 499, 500 (Minn.1979).

Appellant does not enjoy any presumption of his due care. His theory of causation stands on the evidence alone. The evidence requires speculation on cause, guesses as to what might have happened.

The *Larson* decision is also distinguishable on its facts. The driver there was on a business mission with a heavily loaded truck. There was no evidence the driver had consumed any alcohol.

### DECISION

Since appellant introduced insufficient evidence for a jury to find the city's failure to use warning devices or barricades was the direct cause of plaintiff's alleged injuries, the trial court's directed verdict was proper.

Affirmed.

LESLIE, Judge, dissenting.

The majority finds plaintiff failed to present evidence creating a question of fact for the jury. I respectfully disagree and would reverse and grant plaintiff a new trial.

Plaintiff's accident took place after midnight on March 29, 1981. He and his wife had left a private party where he had been performing music professionally. He was unfamiliar with the area and with the intersection of Whitall and Westminster. Both plaintiff and his wife were knocked unconscious in the accident and suffered memory loss. While they can not testify on how the accident happened plaintiff did present circumstantial evidence to make his case.

Whitall abruptly ends at a T-intersection with Westminster after descending a hill. Looking down the hill on Whitall and over Westminster, Interstate 35 can be seen through a gap in the trees lining the west side of Westminster. At the very end of Whitall and near the break in the trees is a 16 to 18 inch ramp or curb. Beyond the ramp is a ditch dropping approximately 16 feet from the level of the road.

Plaintiff's van landed beyond the end of Whitall, at the bottom of the ditch. Branches near the gap in the trees were broken but the trees on either side were undamaged. The van itself landed right side up and did not indicate it had rolled over. Plaintiff testified that when he inspected the accident site several days later he noticed gouges in the asphalt ramp but no skid marks.

These circumstances justify the finding that plaintiff was driving along Whitall and drove off the end of the road. A jury could fairly conclude that the accident would not have happened had the city warned plaintiff and given him the chance to slow down to make a turn.

I believe all who have reviewed the facts agree that the city's failure to warn motorists of the end of the road constitutes negligence. That conclusion is supported by the fact another accident causing personal injury occurred at the intersection before plain-

tiff's accident. According to the majority, however, plaintiff's case lacks evidence that the city's negligence proximately caused plaintiffs' van to run off the road.

Plaintiff carries the burden to produce sufficient evidence to show the city's negligence caused the accident. Plaintiff need not show that he was free from contributory negligence. The city has the burden to show plaintiff's negligence. *McCormick v. Malecha*, 266 Minn. 33, 37, 122 N.W.2d 446, 450 (1963). Even if plaintiff is contributorily negligent his causal negligence must be compared with the city's causal negligence. *Winge v. Minnesota Transfer Railway Company*, 294 Minn. 399, 403, 201 N.W.2d 259, 263 (1972). Plaintiff may recover so long as his causal negligence is not greater than the city's. Minn.Stat. § 604.01 (1982).

Because neither plaintiff nor his wife are able to recall the accident they face a problem similar to plaintiffs in wrongful death cases where the deceased is the only witness to the accident: only circumstantial evidence is available to prove liability. Circumstantial evidence, as other evidence, creates a question of fact for the jury when, viewed in the light most favorable to plaintiffs, it makes the inference of liability more likely than any other inference. Other inferences against liability consistent with the evidence may exist if they are less likely than the inference toward liability. *Wohlfeil v. Murray Machinery, Inc.*, 344 N.W.2d 869 (Minn.Ct.App.1984).

In *Larson v. Township of New Haven*, 282 Minn. 447, 165 N.W.2d 543 (1969) the supreme court examined the sufficiency of circumstantial evidence very similar to that presented in this case. A truck driver's survivors brought a wrongful death action after his truck went off an unpaved road at night at an unmarked T intersection. The jury found the township's negligence caused the accident. The township appealed from the trial court's denial of its motions for judgment n.o.v. and a new trial:

> [D]efendant argues that the jury could not properly reconstruct the accident and decide whether it was proximately caused by the township's failure to warn

approaching vehicles of the hazardous intersection. The township contends that the evidence does not permit an inference that decedent was unaware of the intersection, or that a sign would have prevented the accident, and that the circumstances do not preclude an equally plausible inference that decedent was traveling too fast, without his lights on high beam, and that the accident occurred because he was inattentive and did not properly apply his brakes. We do not agree. *The combination of circumstances recited justified a finding that decedent was traveling on an unfamiliar road in the dark of night with a heavy load and, because he had no warning, the nature of the terrain gave him no reason to believe that the road would abruptly end without affording him an opportunity to slow down and make the turn.* The road on which he was traveling appeared to continue to Highway No. 52, which was brightly lighted, and it was not until a traveler was almost at the intersection that it was possible to determine the road ended in a sloping bank leading into a field.

Plaintiff's position is fortified by the presumption of due care on the part of decedent conferred by Minn.St. 602.04. From the facts recited we hold that a jury could find that the township's failure to post a warning was a proximate cause of decedent's death and that he himself was free from contributory negligence. (emphasis added)

*Larson,* 282 Minn. at 450, 165 N.W.2d at 545.

I believe the "combination of circumstances" in this case supports a finding of proximate cause just as it did in *Larson.* The majority disagrees because the statutory presumption referred to in *Larson* was declared a denial of equal protection when combined with our comparative negligence statute. *Price v. Amdal,* 256 N.W.2d 461 (Minn.1977). The majority apparently concludes the death of the presumption fatally flaws *Larson.* *Smith v. Lafortune,* 288 Minn. 135, 179 N.W.2d 136 (1970), however, indicates the majority's conclusion is wrong. In *Smith* both drivers suffered amnesia in a car accident and sued a road construction company for negligence in marking a highway. Because neither driver died the statutory presumption did not apply. The supreme court explicitly relied on *Larson* to find that circumstantial evidence established proximate cause:

> We sustained a verdict [in *Larson*] against the township, based on circumstantial evidence which permitted a jury to find that the failure to post a warning sign was the proximate cause of the driver's overrunning a T-intersection.... As in the Larson case, the facts here would permit a jury to find that the contractors ... had created a "pitfall, trap, or snare."

*Id.* at 139–40, 179 N.W.2d at 138–39. This passage indicates the circumstantial evidence in *Larson* was itself sufficient to show proximate cause.

At the time *Larson* was decided we had no comparative negligence law in Minnesota. Thus if plaintiff was shown contributorily negligent he could not recover. In *Larson* the court held the evidence allowed the jury to conclude both that the township's negligence caused the accident and that the decedent was free from contributory negligence. Here the evidence need not be so persuasive. If the evidence most plausibly supports a conclusion that plaintiff and the city were negligent and the negligence of each was a direct cause of the accident plaintiff may still recover depending, of course, on how the jury compares the causal negligence.

In *Winge v. Minnesota Transfer Railway Company,* 294 Minn. 399, 201 N.W.2d 259 the supreme court said:

> Certainly, in the vast majority of cases, a comparison of negligence should be submitted to a jury. In the rare case where the evidence compels a finding that plaintiff's negligence is equal to, or greater than, that of defendant, we see no reason why the trial court, applying the test embodied in Rule 50.01, should not direct the verdict.

*Id.* at 404, 201 N.W.2d at 263. Now that plaintiff is allowed to recover when his causal negligence equals defendant's causal negligence directed verdicts should be even rarer.

The majority's opinion cites *Zinnel v. Berghuis Const. Co.*, 274 N.W.2d 495 (Minn.1979) as authority for distinguishing *Larson* on the basis of the presumption. In *Zinnel* plaintiff's car collided head on with the deceased third party defendant's car at a bypass on a highway under construction. An accident reconstructionist testified the accident occurred in the plaintiff's lane. Plaintiff sought recovery against the company doing the road construction for failure to mark and barricade the construction zone. Plaintiff's theory of recovery was that the company's negligence caused the third party defendant's car to come into his lane thus causing the accident, his family's injuries and his wife's death. There were no witnesses on what caused the third party defendant's vehicle to enter plaintiff's lane.

The circumstantial evidence, however, contradicted plaintiff's theory. The accident occurred on a bright sunny winter day and on a dry road. Most importantly, the third party defendant not only knew the road but he had driven through the temporary road connection nearly every day for five months. Therefore no inference could be drawn that he did not know about the bypass.

The supreme court concluded that the trial court properly directed a verdict for the construction company. In explaining the decision the opinion makes the following comments about *Larson:*

> In *Larson,* the plaintiff's position was fortified by the presumption of due care on the part of the decedent conferred by Minn.St. § 602.04, a statutory presumption which did not operate in the present case. Likewise, the accident in Larson took place at night and the circumstances indicated the decedent was not familiar with the road and that the road and its surrounding terrain gave no indication where the road ended.

*Zinnel,* 274 N.W.2d at 499–500. Rather than suggesting *Larson* is no longer valid precedent this passage demonstrates the circumstantial evidence in *Larson* is still persuasive. The distinction of the *Larson* facts shows that the court found *Larson* a stronger case for liability than *Zinnel.*

This court considered a case where plaintiff relied upon circumstantial evidence to prove proximate cause and applied the standard for a directed verdict. In *Wohlfeil v. Murray Machinery, Inc.,* 344 N.W.2d 869 Wohlfeil was injured while operating a log splitter. At trial he could not testify on how he was injured because he was knocked unconscious when he sustained his injuries. His theory of recovery was that the log splitter he was operating was negligently designed and the defect in the design allowed a piece of wood to be propelled toward him. Although it was clear that his head had impacted a piece of wood no witnesses could testify that he was struck by wood flying from the splitter. Because there was no such evidence and because there were other possible causes of the injury the trial court directed a verdict against Wohlfeil.

This court reversed the trial court holding that reasonable people could disagree over whether the injuries Wohlfeil sustained were caused by wood flying from the splitter. The opinion noted other conceivable causes of Wohlfeil's injuries including Wohlfeil falling or fainting, or an unknown intruder striking Wohlfeil with a piece of wood. This court discounted those theories as not equally sustained by the evidence and concluded that Wohlfeil's theory was sufficiently probable to create a question of fact. *Id.* at 873.

In my opinion the evidence in this case does not equally sustain any other cause of plaintiffs' accident than that he drove off the end of the road because there was no sign or other warning that the road ended, because he was unfamiliar with the road and because it was at night. The location of his crashed van directly beyond the end of the road, gouges in the asphalt, the absence of knocked down trees along the

side of the road or skidmarks on the embankment and the fact that the van did not roll over are more consistent with the plaintiff's theory of the case than with any other. For purposes of the motion for a directed verdict the trial court should have made that inference.

The majority suggests other possible causes for the accident but none as plausible as the city's negligence. It may be that plaintiff fainted or fell asleep at the wheel. As in *Wohlfeil,* however, there was no evidence that plaintiff was susceptible to fainting spells or that he was narcoleptic. Although there was evidence here that plaintiff had consumed beer earlier, the evidence sustained the conclusion that he was not under the influence of alcohol or drugs at the time of the accident. It could also be that plaintiff was speeding before the accident but his wife testified that she would have protested had he been speeding. Similarly it would be speculation to conclude that the van's brakes failed when testimony showed that the brakes had been working the last time the van had been driven. On a motion for a directed verdict the trial court and the majority should view this evidence in plaintiff's favor, not against him.

Another possibility is that plaintiff did not maintain a proper lookout. Contributory negligence, however, is not an element of plaintiff's case. Furthermore, even if plaintiff did fail to maintain a proper lookout the mere existence of negligence on his part would not bar plaintiff's recovery under our comparative fault statute. Finally, the majority suggests that other vehicles or distractions may have caused the accident. While the evidence does not preclude that possibility no evidence supports it. It is sheer speculation. Just as the plaintiff in *Wohlfeil* was not required to disprove an unknown intruder theory this plaintiff should not have to disprove a phantom driver theory to state a prima facie case.

Certainly the jury would have had to carefully consider the cause or causes of the accident. This court decided to allow a jury to consider the cause of Wohlfeil's injuries and I think that it should allow a jury to consider this case as well. Just as in *Larson* and *Smith* the circumstantial evidence would permit a jury to find the city created a "pitfall, trap or snare."